IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES FLEISCHMAN,
    Plaintiff,

vs.                                    Case No.:  5:06cv47/MCR/EMT

DR. D. ROBIN POTTS,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

       Plaintiff, an inmate of the Florida prison system proceeding pro se, initiated this action by filing a complaint for damages (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 5).  At the direction of the court, Plaintiff filed an amended complaint under 42 U.S.C. § 1983 (Doc. 9).  Upon review of the pleadings, the court concludes that Plaintiff has failed to establish a jurisdictional basis for this action; therefore, this case should be dismissed.

       Plaintiff names one Defendant, Dr. D. Robin Potts, a physician with the Family Medical Center located in Jacksonville, Florida (Doc. 9 at 1, 2).  Plaintiff claims that Defendant committed negligence and violated his due process rights by prescribing Wellbutrin and advising Plaintiff to continue taking the drug for five days, despite Plaintiff's complaint that the drug made him hostile and violent (*id*. at 7, continuation pages).  Plaintiff allegations suggest that as a result of Defendant's conduct, Plaintiff sexually molested a child and is now incarcerated, thereby losing his "right to enjoy life and to make money" (*id*. at 8).  As relief, Plaintiff seeks compensatory and punitive damages (*id*.).

       A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction.  Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted); Tylon v. Kloak, 98 Fed.Appx. 511, 2004 WL 729173, at **1 (7th Cir. 2004).  The absence of jurisdiction may

be raised at any time during the case, and may be based on the court's review of the evidence. Lovern, 190 F.3d at 653 (citations omitted). Addressing jurisdictional issues at the outset of the litigation is often the most efficient procedure. *Id.* (citations omitted). A district court may address its lack of subject matter jurisdiction in two ways: the court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to Plaintiff, similar to an evaluation pursuant to Rule 12(b)(6), or, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations. *Id.* (citations omitted). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists. *Id.* at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed.951 (1942)).

Rule 8(a)(1) of the Federal Rules of Civil Procedure provides in pertinent part that a pleading shall contain a short, plain statement of the grounds upon which the court's jurisdiction depends. In his original complaint, Plaintiff stated that he was suing Defendant for negligence and seeking damages in excess of $15,000.00 as grounds for this court's jurisdiction; however, he acknowledged that both he and Defendant resided in Florida (Doc. 1 at 2). As diversity jurisdiction clearly did not exist, the court liberally construed his complaint as asserting a cause of action under 42 U.S.C. § 1983 based upon federal question jurisdiction under 28 U.S.C. § 1331. The court issued an order directing Plaintiff to file an amended complaint under § 1983, and instructing him that the threshold showing for such actions were (l) that the conduct complained of was committed by a person acting under color of state law, and (2) that this conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States (*see* Doc. 8). Plaintiff then filed the instant complaint under § 1983, alleging the same facts as he alleged in his original complaint and asserting that Defendant's conduct deprived him of his due process rights (*see* Doc. 9 at 7-8).

Despite this court's order advising Plaintiff that he must show that Defendant was acting under color of state law, Plaintiff has failed to allege facts showing that Dr. Potts was a state actor. Therefore, he has failed to satisfy one of the essential elements of a § 1983 action. *See* Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981), *overruled on other grounds by*, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Additionally, as previously discussed, Plaintiff concedes that he and Dr. Potts reside in Florida; therefore, he cannot assert jurisdiction based upon diversity of citizenship. *See* 28 U.S.C. § 1332; Owen

Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978). In sum, Plaintiff has failed to show that a jurisdictional basis exists for this action, therefore, this case should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED** for lack of subject matter jurisdiction.
2. That all pending motions be **DENIED** as moot.

At Pensacola, Florida, this 24th day of May 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**